IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL and SHELLIE GILMOR, et al., on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 04-0255-CV-W-ODS |
| PREFERRED CREDIT CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND

Pending are multiple motions to dismiss and a motion to remand. The motion to remand raises jurisdictional issues, so it must be considered first. The Court concludes it lacks jurisdiction in this matter, so the motion to remand (Doc. # 155) is granted and the case is remanded to the Circuit Court for Clay County, Missouri.

I. BACKGROUND

In their Sixth Amended Petition (filed in state court prior to the case's removal), Plaintiffs allege they obtained second mortgage loans from Preferred Credit Corporation and the loans charged interest or fees in excess of the rate permitted by Missouri law. Some or all of the notes were assigned to various institutions, including several national banks. Some of the national banks were named for the first time in the Sixth Amended Petition, and they removed the case to federal court. Plaintiffs seek a remand to state court, arguing federal jurisdiction is lacking.

II.  DISCUSSION

There is no disputing that none of Plaintiffs' claims are premised on federal law.[1] Nonetheless, federal jurisdiction may exist pursuant to "the doctrine of 'complete preemption,' under which the preemptive force of certain federal statutes is deemed so 'extraordinary' as to convert complaints purportedly based on preempted state law into complaints stating federal claims from their inception."  Krispin v. The May Department Stores Co., 218 F.3d 919, 922 (8th Cir. 2000).  "[S]ections 85 and 86 of the National Bank Act completely preempt state law claims of usury brought against a national bank." Id; see also Benefical Nat'l Bank v. Anderson, 539 U.S. 1 (2003).

The obstacle to removal is the large number of cases establishing that a usury claim presupposes the claim is brought against the lender or otherwise hold that sections 85 and 86 of the National Bank Act apply only if the national bank originated the loan. For instance, the Fifth Circuit has held that "a transfer of a pre-existing debt to a national bank does not cause the National Bank Act to mandate the application of the" National Bank Act's provisions.  Federal Deposit Ins. Corp. v. Lattimore Land Corp., 656 F.2d 139, 147 (5th Cir. 1981).  Lattimore involved a different factual situation – the national bank purchased a loan from a non-bank with an interest rate that was lawful in the state of origination (Georgia) but unlawful in the national bank's home state (Tennessee) – but the court's rationale is instructive.  "Although the statute does apply to usurious discounting of a note by a national bank or to usurious loans disguised as purchases of notes from an intermediary, such does not appear to be the present case where the obligors do not claim that the bank either discounted the note or was the lender."  Id. at 147-48.[2]

---

[1]No party contends removal is based on diversity of citizenship, so the Court will not consider that possibility.

[2]The national banks characterize paragraphs 74-76 of the Sixth Amended Petition as alleging the national banks' involvement in the making of the loans, thereby bringing the case within the National Banking Act.  See also Daniel v. First Nat'l Bank, 227 F.2d

2

In Krispin, a department store assigned all of its credit card accounts to a national bank. The assignment "required the bank to continue to extend credit to the store's pre-existing cardholders subject to the terms and conditions in the Credit Card Agreement that such cardholders had previously signed." 218 F.3d at 923 (quotations omitted). The Court of Appeals held the National Banking Act applied, but emphasized that its holding was based on the fact that the credit extensions in question were made after the assignment to the national bank. Id. at 923-24. One is left, then, to presume that the National Banking Act did not apply to transactions made before the accounts were assigned to the national bank.

Two judges on this Court have reached similar conclusions on virtually identical facts. In Schwartz v. Bann-Cor Mortgage, a mortgage banker allegedly made loans that exceeded Missouri's statutory limits on closing costs. Those loans had been sold to various institutions, including several national banks. As in this case, the national banks removed the case to federal court, but Judge Gaitan granted the plaintiffs' motion to remand. "As all parties agree, defendant Bann-Cor actually made the loans that are the subject of this dispute. Plaintiffs' claims against all other defendants appear to be based upon assignee liability. Because Bann-Cor is not a national bank, state law usury claims can be brought against it, and the general rules of assignee liability provide that the assignee defendants can be derivatively liable to plaintiffs." Schwartz, No. 03-0922-CV-W-FJG, slip op. at 4 (W.D. Mo. June 14, 2004). In Baker v. Century Financial Group, Inc., an identical fact pattern resulted in the identical outcome based on identical reasoning. Judge Sachs differentiated the cases upon which the national banks relied because the national banks in those cases "were not only assignees but also makers or originators of the loans in question; that is why the NBA applied," or, in the case of Daniel (as discussed in footnote 2, supra), the national bank was integrally involved in the

---

353, 357 (5th Cir. 1955) (finding National Banking Act applied because national bank was "privy throughout" the transaction). The Court does not believe this is a fair reading of those paragraphs.

3

transaction that only nominally was made by a non-bank. Baker, No. 04-0201-CV-W-HFS, slip op. at 16 (W.D. Mo. Dec. 15, 2004).[3]

The Court agrees with the weight of authority holding the National Bank Act does not preempt usury claims brought against non-national banks, nor does it preempt claims against national banks when the national banks have not made or originated the loan in question. In the latter case, claims against the national banks are premised on assignee liability and not the laws of usury, so the National Bank Act is not implicated.

The Court denies Plaintiffs' request for an award of fees and costs. As recognized by Judge Sachs and Judge Gaitan, there is authority to support the national banks' arguments in favor of removal; the fact that they have been rejected does not deprive the banks of a reasonable basis for advocacy. Plaintiffs' allegation that Judge Sachs awarded fees and costs in a "similar case" is incorrect; the case in question did not involve the issues raised in this case.

### III. CONCLUSION

Plaintiffs' Motion to Remand is granted, and the case is remanded to the Circuit Court for Clay County, Missouri. The Court lacks jurisdiction over, and expresses no views regarding, the motions to dismiss. Those motions remain pending for disposition by the state court.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: December 20, 2005                UNITED STATES DISTRICT COURT

---

[3] The national banks suggest Judge Sachs' discussion on this point is dicta. The first issue he discussed involved removal procedure and was not jurisdictional, so it may well be argued that the jurisdictional issue forms the true basis for his decision even though it is the second issue discussed. Regardless, the Court finds Judge Sachs' reasoning persuasive.